UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CISTASANY HATCH and DENNIS L. WILLIAMS,
Individually, and as Next Friends for DLW and JDW,
Minors, and DEANINE HATCH,

                                        Plaintiffs,

                                                        Case No.

-v-

                                                        Hon.

FLYING DUTCHMAN MANAGEMENT, INC.,
A Michigan For Profit Corporation, DONALD E.
VAN CURLER, and SUSAN G. WATROUS,
Jointly and Severally,

                                        Defendants.
_____

Jonathan G. Weber (P-39712)
Attorney for Plaintiffs
606 East Cross Street
Ypsilanti, MI 48198
(734) 323-2535
webreal@sbcglobal.net
_____/

## COMPLAINT

NOW COME Plaintiffs, by and through their attorneys, and state the following:

## COMMON ALLEGATIONS

## PARTIES

1.  Plaintiffs Dennis Williams and Cistasany Hatch are husband and wife, and father

and mother and Next Friends to Plaintiffs D.W., currently 4 years old, and J.W., currently 2

years old.

2.  Plaintiff Deanine Hatch is the mother of Cistasany Hatch and grandmother of D.W. and J.W.

3.  Plaintiffs are citizens of the United States and presently reside in Washtenaw County, Michigan.

4.  Defendant Flying Dutchman Management, Inc. (hereinafter "Flying Dutchman") is a Michigan For Profit Corporation with offices located in Ann Arbor, Michigan, that at all times pertinent hereto, owned and/or managed residential rental units on Hogback Road in Ann Arbor, Michigan, where this cause of action arose.

5.  Defendant Donald Van Curler, at all times pertinent hereto, was the owner and president of Flying Dutchman, and was responsible for the management of Flying Dutchman and the properties that Flying Dutchman owned and/or managed.

6.  Defendant Van Curler is a resident of Washtenaw County, Michigan.

7.  Defendant Susan Watrous, at all times pertinent hereto, was the property manager and licensed associate real estate broker for Flying Dutchman, and an agent of all other Defendants.

8.  Defendant Watrous resides in Washtenaw County, Michigan.

**JURISDICTION**

9.  Jurisdiction is vested in this Court by virtue of the United States Constitution Article III, Sec. 2; by the Fair Housing Amendments Act of 1988, 42 U.S.C. 3601 *et seq*, by 42 U.S.C. 3613, by 28 U.S.C. Sec. 1331 (civil action arising under a law of the United States); by 28 U.S.C. Sec. 1343 *et seq* (civil action to recover damages or injunctive relief under civil rights laws); and by this Court's pendant jurisdiction.

**VENUE**

10. Venue in this action is vested in this Court by virtue of 28 U.S.C. Sec. 1391(b), because the Defendants are located or reside in the Eastern District of Michigan and the claim arose in the Eastern District of Michigan.

**COMMON FACTS**

11. Plaintiffs Cistasany Hatch and Deanine Hatch and minors D.W. and J.W. are African-American, and Mr. Williams is Caucasian.

12. Beginning in or about November 2007, Plaintiffs began looking for rental housing after deciding to sell the home in which they resided at that time.

13. Between November of 2007 and April of 2008, Plaintiffs looked at a number of homes, but could not find one that they both liked and that fit their family's needs.

14. In March of 2008, Plaintiffs accepted a purchase offer on their home with the stipulation that they would give the purchasers possession of the home on or about May 1, 2008.

15. In or about April of 2008, Plaintiffs saw an advertisement in the *Ann Arbor News* for a house for rent, called for an appointment, and toured the house at 1930 Hogback Road in Ann Arbor Township, Michigan.

16. Plaintiffs very much liked the home, told the man that had opened the house for them that they wanted it, and took and completed an application to rent the home from Flying Dutchman.

17. Plaintiff Dennis Williams stayed in contact with Flying Dutchman's agent Susan Watrous, and provided pay stubs for himself and Deanine Hatch to Ms. Watrous.

18. Ms. Watrous told Mr. Williams that she had reviewed Plaintiffs' credit report and pay stubs, and that Plaintiffs income and credit were good.

19. On or about April 21, 2008, the day that Plaintiffs were to move into the premises, Ms. Watrous suddenly called Mr. Williams and told him that Plaintiffs could not rent the premises because Mr. Williams and Cistasany Hatch were not married at that time, and that Ann Arbor Township required that they be married in order to rent the home.

20. Plaintiffs were bitterly disappointed and severely stressed by the last minute announcement of Ms. Watrous as their deadline to vacate the home that they had sold rapidly approached.

21. Plaintiff Cistasany Hatch told the story to her social worker who said that she thought that the rejection was suspicious and suggested that Ms. Hatch contact the Fair Housing Center in Ann Arbor.

22. On April 22, 2008, Plaintiffs contacted the Fair Housing Center of Southeastern Michigan, and filed a complaint.

23. Between May and December of 2008, the Fair Housing Center conducted multiple tests of residential properties owned and/or managed by Defendants and found repeated evidence of racial discrimination in the renting of said properties.

24. Defendants refused to rent to Plaintiffs because some of the Plaintiffs are African-American.

25. As a result of Defendants' discriminatory acts, Plaintiffs were deprived of the housing of their choice.

26. Plaintiffs were deprived of their rights by Defendants due to Plaintiffs' race or color.

27. As a direct result of Defendants' acts, Plaintiffs have suffered and continue to suffer inconvenience, humiliation, embarrassment, emotional distress, mental anguish and suffered pecuniary losses and damages.

## COUNT I

### VIOLATIONS OF THE FAIR HOUSING ACT
### 42 U.S.C. 3601, 3604 and 3617, et al

28. Plaintiffs re-allege and incorporate by reference Paragraphs 1-27 above as if fully set out herein.

29. Plaintiffs have the right to be free from discrimination on the basis of race or color in the provision of housing.

30. Defendants discriminated against Plaintiffs by denying the rental housing described above because of Plaintiffs' race or color.

31. The rental housing described above remained available thereafter and was rented to Caucasians.

32. Defendants violated Plaintiffs' civil rights in the acts described above resulting in economic and non-economic injuries and damages to Plaintiffs, including, but not limited to emotional distress, mental anguish, humiliation, anxiety, loss of the benefit of the rental bargain, time, money, and effort spent, and inconvenience.

## COUNT II

### VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN
### CIVIL RIGHTS ACT, MCL 37.2101, et seq.

33. Plaintiffs re-allege and incorporate by reference Paragraphs 1-32 above as if fully set out herein.

34. Defendants unlawfully discriminated and committed unfair housing practices against Plaintiffs on the basis of race or color.

35. Defendants violated Plaintiffs' civil rights in the acts described above resulting in economic and non-economic injuries and damages to Plaintiffs.

## COUNT THREE

## VIOLATION OF 42 USC SECTIONS 1981 AND 1982

36. Plaintiffs re-allege and re-allege and incorporate by reference Paragraphs 1-35 above as if fully set out herein.

37. Defendants unlawfully discriminated and committed unfair housing practices against Plaintiffs on the basis of race or color.

38. Defendants violated Plaintiffs' civil rights in the acts described above resulting in economic and non-economic injuries and damages to Plaintiffs.

## RELIEF AND DAMAGES

Plaintiffs re-allege and incorporate by reference Paragraphs 1-38 above as if fully set out herein.

WHEREFORE, Plaintiffs demand judgment against Defendants and ask that this Court enter an order as follows:

   i.    Award Plaintiffs judgment for the damages to which Plaintiffs are entitled, plus interest, costs and attorney fees.

   ii.    Upon any trial on the merits, that this Court award Plaintiffs judgment for the damages to which Plaintiffs are entitled, plus interest, costs and attorney fees.

iii.    Award Plaintiffs damages, both compensatory and punitive, in an amount necessary to compensate Plaintiffs and to insure that such actions complained of herein will not recur.

iv.    Award Plaintiffs reasonable attorney fees.

v.    Declare that the discriminatory housing practices of the Defendant, as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. 3601, *et seq.*, 42 U.S.C. 1981 and 1982, and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*,

vi.    Enjoin Defendants, their agents, employees, and successors, and all other persons acting in concert or participation with Defendants from:

1.  Discriminating on the basis of race or color, familial status, and marital status against any person in any element of the rental of a dwelling; and

2.  Failing or refusing to notify the public that dwellings owned or managed by the Defendants are available to all persons on a non-discriminatory basis.

vii.    Award Plaintiffs punitive damages, if the conduct of the Defendant is found to be intentional and malicious or in reckless or callous disregard of Plaintiffs' rights.

viii.   Grant such other relief as may be appropriate under all of the circumstances herein as may be just and equitable.

Respectfully submitted,

s/ Jonathan G. Weber
Jonathan G. Weber (P-39712)
606 E. Cross Street
Ypsilanti, MI 48198
(734) 323-2535
webreal@sbcglobal.net

February 9, 2010